THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ANTHONY CAFONI, Defendant.

County Court, Kings County, December, 1922.

**Jurisdiction — exclusive authority of police commissioner of city of New York to issue revolver permits to residents of the city.**

A permit to carry a pistol, issued by a justice of the Supreme Court in the county of Suffolk to a resident of the city of New York, is not a lawful permit and the possession of a pistol thereunder is unlawful. The police commissioner of the city of New York has exclusive authority to issue such permits to residents of the city.

MOTION to compel return of property.

*John E. Ruston*, district attorney, for plaintiff.

*Edward J. Reilly*, for defendant.

MCLAUGHLIN, J. This motion is for an order directing the return of a permit to carry a pistol issued by a justice of the Supreme Court and for the return of a certain pistol to one Antonio Cafoni, both of which are said to be in the custody of the police department of the city of New York.

The permit was signed and issued in Suffolk county, N. Y., and granted Anthony Cafoni, whose address as stated upon the permit was 649 Union street, Brooklyn. This is in the city of New York. The pistol was carried under said permit.

The public safety article of the Penal Law (Art. 172, § 1897, subds. 7, 8, 9, 10, 11) applies to this situation. The Appellate Division, second department, have had occasion to consider this statute as it existed prior to the amendments of 1921 and the application thereof, in *People* v. *Tarantolo*, 202 App. Div. 707, where they say: " Construing all of these provisions of the same section together, the manifest intent of the former statute was that residents of the city of New York should apply to the police commissioner of the city of New York for a pistol permit, and that said police commissioner had exclusive authority under the statute to issue permits for residents of the city of New York.

Outside of the city of New York, applicants for pistol permits should have applied to the local magistrate within whose district the applicant resided."

The question there arose upon the issuance of a permit by a magistrate for the town of Oyster Bay to a resident of the borough of Brooklyn, city of New York.

The 9th paragraph of section 1897 of the Penal Law at the time of the issuance of that permit read: " In addition, it shall be lawful for the police commissioner in the city of New York *or any magistrate, elsewhere in this state,* upon proof before him of [that] the person applying therefor is of good moral character, and that proper cause exists for the issuance thereof, to issue to such person a license to have and carry concealed a pistol or revolver without regard to employment or place of possessing such weapon, provided, however, that no such license shall be issued to any alien, or to any person not a citizen of and usually a resident in the state of New York," etc.

In 1921, however, this was amended by chapter 297 of the Laws of 1921, and now reads as follows: " In addition, it shall be lawful for the police commissioner in the city of New York *or elsewhere in this state, for a judge or justice of a court of record,* upon proof before him of (that) the person applying therefor," etc.

The words " or elsewhere in this state for a judge or justice of a court of record " were substituted for " or any magistrate elsewhere in this state." The reasoning used by the learned Appellate Division in construing the former statute applies here.

The defendant should have applied to the police commissioner of the city of New York, who has exclusive authority to issue permits to residents of the city of New York. Not having done so, the permit issued to him is not a lawful permit and the possession of a pistol thereunder is unlawful. The motion is, therefore, denied.

Ordered accordingly.