In the Matter of the Judicial Settlement of the Account of Proceedings of LEONARD E. TEED, as Administrator c. t. a. of ELISE VOELTER HESS, Deceased.— Order of the Surrogate's Court of Westchester county affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

JOSEPH D. JOHNSON, Respondent, v. HAZEL M. JOHNSON, Appellant.— Order affirmed, without costs. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

REGINA J. KELLY, as Executrix, etc., of EDWARD J. KELLY, Deceased, Appellant, v. NEW YORK AND HARLEM RAILROAD COMPANY and Another, Respondents.— Judgment reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event. The evidence presented a question of fact as to the negligence of the defendants and contributory negligence of deceased, to be decided by the jury. If the evidence of plaintiff's witnesses was conflicting in some of the details, or if different inferences might be drawn, these were matters for the jury. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

ANNIE MCLAUGHLIN, Respondent, v. THOMAS HENRY LYNCH, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY CARFANO, Respondent.— This criminal action was instituted in the Magistrate's Court of the City of New York, Borough of Brooklyn, Seventh District, the defendant being charged with carrying a pistol without a permit. On the production of a permit issued by Mr. Justice Strong, the defendant was discharged, the magistrate refusing to direct the return of either the permit or the pistol. If the defendant felt aggrieved by this decision, he should have caused the entry of an order by the magistrate and taken the necessary steps to have the determination reviewed in the County Court.* This action was never pending in the Supreme Court, and there was, accordingly, no jurisdiction in the court to make an order in an action not pending therein. This court decided in the case of *People* v. *Tarantolo* (202 App. Div. 707; affd., 236 N. Y. 627) that the issuance of a permit by a magistrate outside of the city of New York to a person residing in the city of New York, was illegal and in violation of the power conferred by the Penal Law.† The order appealed from is accordingly reversed upon the law. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

GEORGE R. RICE, as Assignee, etc., Appellant, v. THE WIGHTMAN-PENOYER COMPANY, INC., Respondent.— Order denying motion for summary judgment and to strike out parts of the answer affirmed, with ten dollars costs and disbursements. Order changing place of trial from Kings county to Oswego county affirmed, with ten dollars costs. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

---

* See *People* v. *Carfano sub nom. Cafoni* (119 Misc. Rep. 795).— [REP.

† See Penal Law, § 1897, as amd. by Laws of 1919, chap. 413, and Laws of 1921, chap. 297. Since amd. by Laws of 1922, chap. 198.— [REP.